**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Chris Ternard Summers, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:03-1861-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 3, 2003, under 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking his guilty plea. On April 7, 2005, the government moved for summary judgment. On April 7, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On June 9, 2005, the petitioner responded to the motion for summary judgment. This matter is now ready for disposition.

On August 23, 2001, in a superseding indictment, a federal grand jury charged the petitioner with conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base (crack cocaine), and more than 100 but less than 1000 kilograms of marijuana. On November 30, 2001, in the third day of his jury trial, the petitioner decided to plead guilty to the charges. On July 1, 2002, the Court sentenced the petitioner to 210 months confinement, running consecutively with the petitioner's state court sentence, followed by 5 years of supervised release. The petitioner appealed his guilty plea and sentence but subsequently withdrew the appeal.

The petitioner claims his guilty plea was involuntary based on ineffective assistance of counsel because counsel advised him that if he pled guilty, the Court would likely run his federal

and state court sentences concurrently. In reliance on counsel's advice, the petitioner claims he pled guilty instead of proceeding with his jury trial. The government contends, however, the petitioner was warned by the plea agreement, counsel, and the Court of the possibility that his sentence may run consecutively with his state court sentence.

In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel for failing to file an appeal after the petitioner requested counsel to do so.

In the plea agreement, the government agreed to recommend that the petitioner's sentence should run concurrently with his state court sentence, but the plea agreement included a provision warning the petitioner that the government's recommendation was not binding on the Probation office or the Court; and the government had no control over whether a concurrent sentence was imposed. In addition, counsel states in an affidavit that he explained to the petitioner there was no guarantee of a concurrent sentence. Counsel also states that he went over the plea agreement with the petitioner and the petitioner understood the plea agreement.

Furthermore, in the plea colloquy, the Court advised the petitioner that although the government will recommend that the sentence run concurrently, this does not mean the Court will run the sentence concurrently. The Court then asked the petitioner if he understood and the petitioner replied that he did. "Solemn declarations in open court carry a strong presumption of verity." See Blackledge v. Allison, 431 U.S. 63, 74 (1977). The petitioner understood the risk that the Court would not run his sentence concurrently with his state court sentence. The petitioner, consequently, fails to show that but for counsel's advice, he would not have pled guilty, and he is not entitled to relief on this claim.

The Court therefore grants the government's motion for summary judgment and

dismisses this petition.

    **AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 25, 2005
Charleston, South Carolina